IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN LANCASTER                                                                PLAINTIFF

VS.                        NO. 4:16cv345-JM

JOHN STALEY, individually, and in his
official capacity as Sheriff of Lonoke County,
Arkansas; S. LOPEZ [1ST NAME UNKNOWN
AT THIS TIME], individually, and in her capacity
as Jail Administrator in and for the Lonoke County
Sheriff's Department; JAY MURRELL, individually;
ISAAC MUGGY, individually; ROBERT LANIUS,
Individually; _____ JOINER [1ST NAME UNKNOWN
AT THIS TIME], individually; JOHN DOE 1, 2, & 3
and JANE DOE 1, 2, & 3, identities to be determined
during the course of discovery; and LONOKE
COUNTY, ARKANSAS,                                                          DEFENDANTS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 13 2016
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

This case assigned to District Judge Moody
and to Magistrate Judge Volpe

COMPLAINT

COMES THE PLAINTIFF, John Lancaster, by and through his attorneys, **Edward G. Adcock**, Arkansas Bar No. 83001, and **C. Daniel Hancock**, Arkansas Bar No. 2001-022 and for his Complaint, states and alleges as follows, *to wit*:

I.

Introduction

This is an action for declaratory, injunctive and monetary relief brought by Plaintiff, **John Lancaster**, against Defendants **John Staley**, at all times pertinent hereto Sheriff of Lonoke County, Arkansas, **S. Lopez**, at all times pertinent hereto Jail Administrator in and for the Lonoke County Detention Center, **Jay Murrell, Isaac Muggy, Robert Lanius and _____ Joiner**, at all times pertinent hereto Jailers in and for the Lonoke County Detention Center, and **Lonoke County, Arkansas**, which, at all

1

times pertinent hereto, had a constitutional duty to provide adequate/competent health care to inmates/detainees in the Lonoke County Detention Center, alleging, as more specifically set forth below: [a] that the individual Defendants Lopez, Murrell, Muggy, Lanius and Joiner, acting individually and individual Defendants Lopez and John Staley, acting individually and in their official capacities, did knowingly and purposefully act to deprive Plaintiff Lancaster of needed medical care and, in so doing, were deliberately indifferent to Plaintiff's rights guaranteed him by the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*, and, [b] that the acts and conduct of the individual defendants Pennington and Birdsong complained of above and below were pursuant to policies and practices and patterns of conduct specifically enforced and endorsed by the Defendant, Lonoke County, Arkansas, having the known and practical effect of depriving inmates of the Lonoke County Detention Center of needed medical care in violation of the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*, and, [c] that the acts and conduct of all Defendants complained of herein constituted "state action" within the meaning of 42 U.S.C. Section 1983 and that the Defendant Lonoke County, Arkansas is also liable for the constitutional violations inflicted on the Plaintiff by the individual defendants herein; and, [d] that the acts and conduct of the individual Defendant Lopez complained of herein were willful and malicious and purposefully designed to deprive Plaintiff of rights guaranteed him pursuant to the Constitution of the United States of America, specifically the Fifth, Eighth and/or Fourteenth Amendments thereto; and, [e] that the acts and

conduct on the parts of individual Defendants Lopez, Murrell, Muggy, Lanius and Joiner complained of herein constituted the tort of outrage and the tort of intentional infliction of severe emotional distress under the laws of the State of Arkansas.

## II.

### Jurisdiction and Venue

1.  Jurisdiction of this Court in invoked pursuant to 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1343(a)(3) & (4) to redress deprivations of rights guaranteed by the Constitution of the United States, specifically rights guaranteed Plaintiff by the Fifth, Eighth and/or the Fourteenth Amendments thereto. This Court has supplemental jurisdiction over a state law claim pursuant to 28 U.S.C. Section 1367.

2.  Venue of this Court is proper pursuant to 28 U.S.C. 1391(b) in that all of the conduct complained of herein occurred and all claims raised herein arose within the corporate boundaries of the City of Lonoke, Lonoke County, Arkansas which, itself, is within the Western Division of the Eastern District of Arkansas.

## III.

### Parties

3.  Plaintiff John Lancaster (hereafter "Plaintiff" or "Lancaster" or "Plaintiff Lancaster") was at all times pertinent hereto a resident of Ward, Lonoke County, Arkansas.

4.  Defendant John Staley (hereafter "Staley" or "Defendant Staley") was at all times pertinent hereto a resident of Lonoke Saline County and at all times pertinent hereto served as the Lonoke County Sheriff. In that capacity, and pursuant to Ark. Code Ann. Sections 12-41-502, 12-41-503, 12-41-507 and 12-26-101 *et.seq.*, he was

responsible a) for the operation of the Lonoke County Detention Center, including, specifically, the establishment and enforcement of policies, practices, procedures and regulations for the conduct of the Lonoke County Detention Center and its officials/employees, b) for the hiring, training, supervision and control of all members of the Lonoke County Sheriff's Department, specifically, the administrators and jailers in the Lonoke County Detention Center, and, c) for the general operation, practices and totality of conditions in the Lonoke County Detention Center, including but not limited to maintaining the Lonoke County Detention Center in conformity with State of Arkansas jail standards and Constitutional requirements. As such, he was also responsible for those institutional patterns of action, or lack of action, by any and all employees of the Lonoke County Detention Center, which result in the creation of, or tacit approval of, "ad hoc" policies that violate the constitutional rights of pretrial detainees or convicted inmates housed in the Lonoke County Detention Center. Most importantly, at all times pertinent hereto Staley had the constitutionally-imposed duty to ensure that inmates/detainees of the Lonoke County Detention Center received adequate medical care while incarcerated. All of the acts and conduct of Defendant Staley complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

5. Defendant S. Lopez (hereafter "Lopez" or Defendant Lopez") was at all times pertinent hereto a resident of Lonoke County, Arkansas and at all times pertinent hereto served as the Administrator of the Lonoke County Detention Center. In that capacity, and pursuant to Ark. Code Ann. Sections 12-41-502, 12-41-503, 12-41-507 and 12-26-101 *et.seq.*, she was responsible a) for the operation of the Lonoke County

Detention Center, including, specifically, the establishment and enforcement of policies, practices, procedures and regulations for the conduct of the Lonoke County Detention Center and its officials/employees, b) for the hiring, training, supervision and control of all members of the Lonoke County Sheriff's Department, specifically, the administrators and jailers in the Lonoke County Detention Center, and, c) for the general operation, practices and totality of conditions in the Lonoke County Detention Center, including but not limited to maintaining the Lonoke County Detention Center in conformity with State of Arkansas jail standards and Constitutional requirements. As such, she was also responsible for those institutional patterns of action, or lack of action, by any and all employees of the Lonoke County Detention Center which result in the creation of, or tacit approval of, "ad hoc" policies that violate the constitutional rights of pretrial detainees or convicted inmates housed in the Lonoke County Detention Center. Most importantly, at all times pertinent hereto Lopez had the constitutionally-imposed duty to ensure that inmates/detainees of the Lonoke County Detention Center received adequate medical care while incarcerated. All of the acts and conduct of Defendant Lopez complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

6. Defendant Jay Murrell (hereafter "Murrell" or "Defendant Murrell") was at all times pertinent hereto a resident of Lonoke County, Arkansas and at all times pertinent hereto served as a jailer in and for the Lonoke County Detention Center. Defendant Murrell had a constitutional duty not to knowingly deprive inmates in the Lonoke County Detention Center of medical care for known medical needs. All of the acts and conduct of Defendant Murrell complained of herein constitute state action within

the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

7. Defendant Isaac Muggy (hereafter "Muggy" or "Defendant Muggy") was at all times pertinent hereto a resident of Lonoke County, Arkansas and at all times pertinent hereto served as a jailer in and for the Lonoke County Detention Center. Defendant Muggy had a constitutional duty not to knowingly deprive inmates in the Lonoke County Detention Center of medical care for known medical needs. All of the acts and conduct of Defendant Muggy complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

7. Defendant Isaac Muggy (hereafter "Muggy" or "Defendant Muggy") was at all times pertinent hereto a resident of Lonoke County, Arkansas and at all times pertinent hereto served as a jailer in and for the Lonoke County Detention Center. Defendant Muggy had a constitutional duty not to knowingly deprive inmates in the Lonoke County Detention Center of medical care for known medical needs. All of the acts and conduct of Defendant Muggy complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

8. Defendant Robert Lanius (hereafter "Lanius" or "Defendant Lanius") was at all times pertinent hereto a resident of Lonoke County, Arkansas and at all times pertinent hereto served as a jailer in and for the Lonoke County Detention Center. Defendant Lanius had a constitutional duty not to knowingly deprive inmates in the Lonoke County Detention Center of medical care for known medical needs. All of the

acts and conduct of Defendant Lanius complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

**9.** Defendant \_\_\_\_ Joiner (hereafter "Joiner" or "Defendant Joiner") was at all times pertinent hereto a resident of Lonoke County, Arkansas and at all times pertinent hereto served as a jailer in and for the Lonoke County Detention Center. Defendant Joiner had a constitutional duty not to knowingly deprive inmates in the Lonoke County Detention Center of medical care for known medical needs. All of the acts and conduct of Defendant Joiner complained of herein constitute state action within the meaning of 42 U.S.C. Section 1983 and Arkansas's Civil Rights Act of 1993, Ark. Code Ann. Section 16-123-101 *et. seq.*.

**10.** Defendant, Lonoke County, Arkansas is a governmental entity authorized and acting pursuant to the laws of the State of Arkansas. All of the acts and conduct of its agents and employees complained of herein were under color of state law and all of the acts and conduct of its agents/employees complained of herein were pursuant to policies and procedures and consistent with practices sanctioned by management officials of Lonoke County, who for years have willfully and purposefully condoned the failure/refusal to provide medical care to inmates/detainees of the Lonoke County Detention Center.

### IV.

### Facts

**14.** Plaintiff Lancaster was arrested and incarcerated in the Lonoke County Detention Center on December 1, 2015. During the booking process he advised

Defendant Murrell that he [Lancaster] was an insulin-dependent diabetic. In addition, on that same day, Plaintiff's brother, Jim Lancaster, brought Plaintiff Lancaster's medicines, including his insulin, to the Lonoke County Detention Center. The medicines, including the insulin, were received and a note was made on Plaintiff's chart that the insulin was in the unit's refrigerator.

**15.** Lancaster was known to virtually all the individual jailers and to jail administrator Defendant Lopez. Upon information and belief, virtually all of the detention center's personnel who had personal contact with prisoners knew Lancaster was in need of regular insulin.

**16.** Lancaster asked virtually all the jail's personnel for his insulin. Throughout the next three (3) days Lancaster became visibly more-and-more incapacitated. After a time, he became unable to advocate for himself. At one point, he was naked in the cell, urinating on himself and the floor, visibly shaken and incoherent. Despite all this, Lancaster was never given his insulin.

**17.** Throughout the three (3) days in the Lonoke County Detention Center, Lancaster was never seen or assessed by a medical professional of any sort, not a nurse and certainly not a doctor. Literally all of the persons making medical decisions *vis-à-vis* Mr. Lancaster, *i.e.,* whether to give him his insulin or whether to take him to the hospital, were medically untrained lay persons.

**18.** Finally, after three (3) + days of being deprived of his insulin, Defendant Lopez finally made the decision to send Lancaster to the hospital. When the paramedics were loading Lancaster into the ambulance one as-of-yet-unidentified jail staffer said "He's been like that for days." The jail staff was unable to tell the paramedics when

Lancaster last ate and, certainly, were unable to advise when Lancaster had taken his insulin.

19. Lancaster was taken to UAMS where it was determined that he was suffering in a diabetic coma and, further, that his PH level was 6.7, dangerously high, possibly fatally high. It was medically impossible for Lancaster's PH level to be that high had he received his insulin while in the jail.

20. Defendants Lopez, Murrell, Muggy, Lanius and Joiner, as well as numerous other Jane or John Doe potential defendants, had specific knowledge of Lancaster's dire need for medical care and, for a period of three (3) calendar days, all specifically ignored Lancaster's need for medical care and did nothing. The inaction of Defendants Furr, Richards and McKinney constituted deliberate indifference.

21. The acts and conduct of individual Defendants Lopez, Murrell, Muggy, Lanius and Joiner, *see* above, were part and parcel of a pattern of conduct and policy decisions made by Sheriff John Staley, in his official capacity as the Sheriff and policy maker regarding the Lonoke County Detention Center; specifically: there is a long history and pattern of knowing and willful disregard for the well-being of inmates in the Detention Center, including a recent incident in which the jail administrator knowingly fed inmates food that was contaminated and that had passed it's "expiration date." In addition, the County, acting by and through Sheriff Staley, willfully refused and failed to provide competent medical care in the jail, as evidenced by this case in which untrained jailers arbitrarily made what amounted to life-or-death decisions as to medical care – or the lack thereof – for Plaintiff Lancaster. In essence, the County let Defendants Lopez, Murrell, Muggy, Lanius and Joiner "Play Doctor" at Lancaster's expense.

22. As a direct and proximate result of the acts and conduct of all Defendants complained of above, *see* Paragraph Nos. 1 through 21, above, Lancaster suffered extreme physical pain, permanent injury and emotional pain and suffering.

23. Defendants knew full well of Plaintiff Lancaster's medical condition and knew full well that Lancaster was in dire need of medical attention. Nevertheless, despite specific knowledge of Lancaster's need for immediate medical attention, Defendants Lopez, Murrell, Muggy, Lanius, Joiner and the Jane/John Doe Defendants, refused to provide Plaintiff Lancaster his insulin and kept him sitting in a cell in a comatose condition. They were, hence, deliberately indifferent to Lancaster's known medical needs.

24. As a direct and proximate result of the acts and conduct of Defendants Staley, Lopez, Murrell, Muggy, Lanius, Joiner and John/Jane Doe's complained of above, *see* Paragraph Nos. 1 through 23, above, Lancaster suffered extreme physical pain, permanent injury and emotional pain and suffering.

25. Given the totality of the circumstances, including **a)** the absence of any medically-competent assessment of Lancaster's medical condition, **b)** the apparent personal animus and the refusal to provide the insulin that was sitting in the refrigerator, and **c)** the total disregard for the County's constitutionally-imposed obligation to provide adequate medical care for detainees/inmates in the Detention Center, the acts and conduct of Defendants Lopez, Staley, Murrell, Muggs, Lanius and Joiner was extreme and outrageous and utterly intolerable in a civilized society and constituted the tort of intentional infliction of severe emotional distress under the laws of the State of Arkansas.

25. Given the totality of the circumstances, including a) the absence of any medically-competent assessment of Lancaster's medical condition, b) the apparent personal animus and the refusal to provide the insulin that was sitting in the refrigerator, and c) the total disregard for the County's constitutionally-imposed obligation to provide adequate medical care for detainees/inmates in the Detention Center, the acts and conduct of Defendants Lopez, Staley, Murrell, Muggs, Lanius and Joiner was extreme and outrageous and the only logical conclusion is that they were intended to cause severe emotional distress and that the likely result of that conduct would, indeed, cause severe emotional distress to the extent that no reasonable person under the same circumstance could be expected to endure it, in violation of the laws of the State of Arkansas.

26. The acts and conduct of all individual defendants herein were intended to cause and did cause harm to Plaintiff. The acts and conduct of all individual Defendants complaint of above were willful and malicious and purposefully calculated to cause Lancaster extreme harm, pain, personal anguish, embarrassment and humiliation.

27. As a result of the actions and conduct of Defendants complained of above Lancaster suffered actual damages, including but not limited to permanent physical injury, severe physical pain, extreme humiliation emotional distress and pecuniary damages as well as the loss of rights guaranteed him by the U. S. Constitution and the Arkansas Constitution which losses, in and of themselves, have pecuniary value.

28. Defendant Lonoke County, Arkansas and ACH has long-standing policies, practices and policies which themselves constitute deliberate indifference and an insensitivity to violations of rights guaranteed by the U. S. Constitution on the part of their officials/employees.

## V.

### Causes of Action

29. Plaintiff incorporates Paragraph Nos. 1 through 28, above, as though specifically set forth word-for-word, and sets forth the following causes of action:

(a) The acts and conduct of Defendants Staley, Lopez, Murrell, Muggy, Lanius, Joiner as well as the John/Jane Doe Defendants constitute deliberate indifference to known medical needs in violation of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

(b) The acts and conduct of Defendants Lopez, Murrell, Muggy, Lanius and Joiner, in addition to being deliberately indifferent to Plaintiff's obvious pain and medical needs, were knowing, purposeful, willful and malicious, specifically calculated to cause Plaintiff physical and emotional pain;

(c) The acts and conduct of Defendants Staley and Lopez created "ad hoc" practices as well as policies and procedures that resulted in the deliberate indifference to Plaintiff's known medical needs on the part of Defendant Lonoke County, Arkansas. The deliberate indifference of the Defendant Lonoke County was part of long-standing practices and policies denying rights guaranteed by the constitution to inmates/detainees in the Lonoke County Detention Center;

(d) The acts and conduct of Defendants Staley, Murrell, Muggy, Lanius, Lopez and Joiner constitute a violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.* because they had the result

    of denying Plaintiff of his constitutional right under Article 2, Section 9 of the Arkansas Constitution to be free from cruel and unusual punishment.

(e)   The acts and conduct of Defendants Staley, Lopez Murrell, Muggy, Lanius and Joiner constitute the torts of outrage and intentional infliction of severe emotional distress under the laws of the State of Arkansas.

## VI.

## Demand for Jury Trial

30.   Plaintiff demands a trial by jury.

## VII.

## Prayer for Relief

Premises considered, Plaintiff pray the Court set this matter for a trial by jury and, upon such trial, to enter its Order affording the relief set forth below, *to wit:*

a)   Declaring the acts and conduct of Defendants Staley, Lopez, Murrell, Muggy, Lanius and Joiner and Lonoke County, County, Arkansas, complained of herein to constitute deliberate indifference to known medical needs and, hence, in violation of the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States;

b)   Declaring the acts and conduct of Defendants Staley, Lopez, Murrell, Muggy, Lanius and Joiner and Lonoke County, County, Arkansas, complained of herein to deprive Plaintiff of his right to be free from cruel

and unusual punishment and, hence, hence, in violation of the Arkansas Civil Rights Act, Ark. Code Ann. Sections 16-123-101 *et. seq.*;

c) Declaring that the acts and conduct of Defendants Staley, Lopez, Murrell, Muggy, Lanius and Joiner to be violative of the laws of the State of Arkansas, constituting the torts of outrage and intentional infliction;

d) Awarding Plaintiff actual monetary and compensatory damages against each separate defendant herein and in an amount to be proved at trial but, in any event, greater than that amount necessary to establish diversity jurisdiction;

e) Awarding Plaintiff punitive damages against Defendant Lopez;

f) Awarding Plaintiff his costs incurred in bringing this action, including reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

g) Specifically enjoining Defendants from any further acts or conduct in derogation of their duty to provide reasonable and appropriate medical care to inmates in the Lonoke County Detention Center; and,

h) Awarding Plaintiff all other just and equitable relief to which he may be entitled.

DATED this __14__ day of __march__, 2016

Respectfully submitted,

**JOHN LANCASTER**

By: _____
**Edward G. Adcock**
**Arkansas Bar No. 83001**

                          1018 Cumberland # 11
                          Little Rock, AR 72202
                          Office Telephone: 501.690.6104
                          Facsimile: 501.374.5198
                          Email: cgalaw@aol.com

&

By:   **/s/ C. Daniel Hancock**
       **Arkansas Bar No. 2001-022**
       HANCOCK LAW FIRM
       610 East Sixth Street
       Little Rock, AR 72202
       Phone: 501.372.6400
       Email: hancock@hlblaw

     **I, John Lancaster,** have read and understand the above Complaint and I affirm that the allegations contained therein are true and correct to the best of my knowledge, information and belief.

                                                                            **JOHN LANCASTER**

**STATE OF ARKANSAS**
**COUNTY OF PULASKI**

     **SUBSCRIBED AND SWORN** to before me, a Notary Public, this 14th day of March, 2016.

                                           Notary Public

My Commission Expires:
March 21, 2021

ANGELA R. QUATTLEBAUM
MY COMMISSION # 12380773
EXPIRES: March 21, 2021
Saline County