IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**JOHN LANCASTER**                                                              **PLAINTIFF**

V.                            Case No. 4:16-CV-00345-JM

**SHERIFF JOHN STALEY;**
**STEVE LOPEZ; JAY MURRELL;**
**CANDICE JOINER; LONOKE COUNTY,**
**ARKANSAS; ROBERT LANIUS, et al.**                                             **DEFENDANTS**

## PROTECTIVE ORDER

1.      This Protective Order shall apply to any and all documents produced by Plaintiff or Defendant and marked or otherwise identified as "Confidential" (the "Confidential Documents").

2.      The Confidential Documents are confidential unless challenged as provided in paragraph 5 below, and they shall only be disclosed by the attorneys for Plaintiff and Defendant to the following individuals to the extent the attorneys reasonably deem disclosure necessary for proper litigation:

   a.   The Court, its employees, court reporters and the jury;

   b.   Defendants;

   c.   Counsel for Plaintiff or Defendant, as well as their paralegals and clerical staff;

   d.   Outside experts or consultants retained by counsel for Plaintiff or Defendant; and

   e.   Non-party witnesses in the course of depositions or interviews or preparation for same.

3.      Any person referenced in Paragraphs (a) through (e) who is either shown all or part of a Confidential Document (either directly or indirectly—*e.g.*, by being shown a deposition transcript or a motion to which the Confidential Document has been attached), or who is told about information contained in a Confidential Document, must be told by the attorney at the same time that the Court has ordered that the Confidential Document (or information, if applicable) is confidential, and that the person is not to show the Confidential Document nor convey any information contained

in the Confidential Document to anyone else.

4. Any testimony given at trial or during a deposition concerning a Confidential Document or the contents thereof shall likewise be considered a Confidential Document for the purposes of this Order.

5. Documents or discovery responses containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Confidential Documents." Except as otherwise indicated below, all documents or discovery responses designated or otherwise identified by the producing party as "Confidential" and which are disclosed or produced to the attorneys for the other parties to this litigation are Confidential Documents and are entitled to confidential treatment as described hereinabove.

At any time after the delivery of Confidential Documents, counsel for the party or parties receiving the Confidential Documents may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Confidential Documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Confidential Documents shall certify to the court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential Documents. Thereafter, the party or parties disclosing or producing the Confidential Documents shall have ten (10) days from the date of certification to file a motion for protective order with regard to any Confidential Documents in dispute. The party or parties producing the Confidential Documents shall have the burden of establishing that the disputed Confidential Documents are entitled to confidential treatment. If the party or parties producing the Confidential Documents do not timely file a motion for protective order, then the Confidential Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Confidential Documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether

all or a portion of a Confidential Document is entitled to confidential treatment.

6. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated or otherwise identified as "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

7. Counsel for Plaintiff and Defendant must maintain the Confidential Documents in their possession unless they, or some of them, are being shown to someone else in a manner consistent with this Order. Within ten days after the final disposition of this case (either through judgment, order of dismissal, denial of post-trial motion, or affirmation of judgment or order of dismissal), the attorneys for Plaintiff and Defendant must return the Confidential Documents to the producing party, except that counsel only may keep one copy set of any Confidential Documents used as exhibits or evidence at any hearing or deposition in this action, and such copy set will continue to be governed by this Stipulated Confidentiality and Protective Order.

8. Neither Plaintiff nor Defendant shall use, copy, or retain the Confidential Documents for any purpose, business or otherwise, other than as set forth in this Stipulated Confidentiality and Protective Order.

SIGNED this 12 day of APRIL, 2017.

UNITED STATES DISTRICT JUDGE

3

**AGREED AND STIPULATED:**

By:    /s/ Edward G. Adcock
       Mr. Edward G. Adcock
       P.O. Box 2940
       Little Rock, AR 72201

       And

       Mr. Charles Daniel Hancock
       610 E. 6th Street
       Little Rock, AR 72202

       **ATTORNEYS FOR PLAINTIFF,**
       **JOHN LANCASTER**

**RAINWATER, HOLT & SEXTON, P.A.**

By:    /s/ Thomas J. Diaz
       **Thomas J. Diaz**

       6315 Ranch Drive
       Little Rock, Arkansas 72223
       Email: diaz@rainfirm.com
       Tel   501-868-2500
       Fax  501-868-2505

       **ATTORNEY FOR DEFENDANTS**